■ In the Matter of TRUDY W., an Infant by Her Mother and Natural Guardian, ICYLINE A., et al., Respondents, v RAYMOND MORALES, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered February 25, 1992, which granted the infant plaintiff's motion to serve a late notice of claim, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion in granting the infant plaintiff's motion to file a late notice of claim upon defendant New York City Housing Authority (NYCHA) *(Matter of Jenkins v New York City Hous. Auth.,* 181 AD2d 506), while denying it to the infant's mother.

While plaintiffs served the notice of claim five months after the 90-day time limit (General Municipal Law § 50-e [5]), the NYCHA acquired actual knowledge of the essential facts constituting the claim on the day its employee allegedly raped and assaulted the 14-year old infant plaintiff in her NYCHA apartment. Further, the NYCHA failed to make a sufficient showing that it was prejudiced as a result. As the IAS Court found, the NYCHA in all likelihood possesses records of its employee's work history and performance, including any reported misconduct, necessary to maintain its defense against this negligence claim.

We have considered defendant's other claims and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.